NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MEIJIN YOU,<br><br>                Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>                Respondent. | No.   19-70551<br>         19-71567<br><br>Agency No. A216-267-733<br><br>MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted January 18, 2023[**]

Before:    GRABER, PAEZ, and NGUYEN, Circuit Judges.

In these consolidated petitions for review, Meijin You, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") orders dismissing her appeal from an immigration judge's ("IJ") decision denying her applications for asylum, withholding of removal, and protection under

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT"), and denying her motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. In 19-70551, we dismiss the petition for review. In 19-71567, we deny the petition for review.

As to petition No. 19-70551, we lack jurisdiction to consider You's contentions concerning the IJ's adverse credibility determination and the merits of her claims because she failed to raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency); *Zara v. Ashcroft*, 383 F.3d 927, 930-31 (9th Cir. 2004) (exhaustion requirement applies to "streamlined" decisions, and "a general challenge to the IJ's decision" is not sufficient to satisfy the exhaustion requirement). Thus, we dismiss the petition for review.

As to petition No. 19-71567, because You does not challenge the BIA's denial of her motion for reconsideration, this issue is waived. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). We thus deny the petition for review.

The temporary stay of removal remains in place until the mandate issues.

**NO. 19-70551:  PETITION FOR REVIEW DISMISSED.**

**NO. 19-71567:  PETITION FOR REVIEW DENIED.**